MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
WUILZON ZACARIAS RUIZ RIVERA
(A.K.A. LUIS) and RODOLFO HIDALGO
ALBINO (A.K.A. GORDO), *individually and*
*on behalf of others similarly situated,*

        *Plaintiffs*,

   -against-

POLARIS CLEANERS 99, INC. (D/B/A
POLARIS ORGANIC CLEANERS),
RICHARD J AN, and RUBEN JACOBO,

        *Defendants*.
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

   Plaintiffs Wuilzon Zacarias Ruiz Rivera (a.k.a. Luis) and Rodolfo Hidalgo Albino (a.k.a.

Gordo) , individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and

through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and

as against Polaris Cleaners 99, Inc. (d/b/a Polaris Organic Cleaners), ("Defendant Corporation"),

Richard J An and  Ruben Jacobo, ("Individual Defendants"), (collectively, "Defendants"), allege

as follows:

## NATURE OF ACTION

   1.  Plaintiffs are former employees of Defendants Polaris Cleaners 99, Inc. (d/b/a Polaris

Organic Cleaners), Richard J An, and Ruben Jacobo.

2.    Defendants own, operate, or control a laundromat service, located at 99 Park Avenue, New York, NY 10016 under the name "Polaris Organic Cleaners".

3.    Upon information and belief, individual Defendants Richard J An and Ruben Jacobo, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the laundry service as a joint or unified enterprise.

4.    Plaintiffs were employed as pickup and delivery workers and ironers at the laundry service located at 99 Park Avenue, New York, NY 10016.

5.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

8.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*.

and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat service located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

14.    Plaintiff Wuilzon Zacarias Ruiz Rivera (a.k.a. Luis) ("Plaintiff Ruiz" or "Mr. Ruiz") is an adult individual residing in Bronx County, New York.

15.    Plaintiff Ruiz was employed by Defendants at Polaris Organic Cleaners from approximately October 2007 until on or about September 2018.

16.    Plaintiff Rodolfo Hidalgo Albino (a.k.a. Gordo) ("Plaintiff Hidalgo" or "Mr. Hidalgo") is an adult individual residing in New York County, New York.

17.    Plaintiff Hidalgo was employed by Defendants at Polaris Organic Cleaners from approximately September 2015 until on or about May 2018.

*Defendants*

18.    At all relevant times, Defendants owned, operated, or controlled a laundromat service, located at 99 Park Avenue, New York, NY 10016 under the name "Polaris Organic Cleaners".

19.    Upon information and belief, Polaris Cleaners 99, Inc. (d/b/a Polaris Organic Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 99 Park Avenue, New York, NY 10016.

20.    Defendant Richard J An is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Richard J An is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Richard J An possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.    Defendant Ruben Jacobo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ruben Jacobo is sued individually in his capacity as a manager of Defendant Corporation. Defendant Ruben Jacobo possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of

Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.    Defendants operate a laundromat service located in the Murray Hill section of Manhattan in New York City.

23.    Individual Defendants, Richard J An and Ruben Jacobo, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

24.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

26.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

28.    Upon information and belief, Individual Defendant Richard J An operates Defendant Corporation as either an alter ego of himself and/or failed to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

30.    In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

32.    Plaintiffs are former employees of Defendants who were employed as pickup and delivery workers and ironers.

33.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Wuilzon Zacarias Ruiz Rivera (a.k.a. Luis)*

34.    Plaintiff Ruiz was employed by Defendants from approximately October 2007 until on or about September 2018.

35.    Defendants employed Plaintiff Ruiz as a pickup and delivery worker.

36.    Plaintiff Ruiz regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

37.    Plaintiff Ruiz's work duties required neither discretion nor independent judgment.

38.    Throughout his employment with Defendants, Plaintiff Ruiz regularly worked in excess of 40 hours per week.

39.    From approximately September 2012 until on or about September 2018, Plaintiff Ruiz worked from approximately 7:00 a.m. until on or about 7:00 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 6:00 p.m., Saturdays (typically 70 hours per week).

40.    Throughout his employment, Defendants paid Plaintiff Ruiz his wages in cash.

41.    From approximately September 2012 until on or about March 2014, Defendants paid Plaintiff Ruiz a fixed salary of $430 per week.

42.    From approximately April 2014 until on or about March 2016, Defendants paid Plaintiff Ruiz a fixed salary of $480 per week.

43.    From approximately April 2016 until on or about March 2017, Defendants paid Plaintiff Ruiz a fixed salary of $520 per week.

44.    From approximately April 2017 until on or about September 2018, Defendants paid Plaintiff Ruiz a fixed salary of $620 per week.

45.    For approximately his last week of employment, Defendants did not pay Plaintiff Ruiz any wages for his work.

46.    Even though Defendants granted Plaintiff Ruiz 30-minute breaks or meal periods, they were usually interrupted by Defendant Richard J An.

47.    Prior to January 2016, Plaintiff Ruiz was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48.    Defendants required Plaintiff Ruiz to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

49.    Furthermore, on three occasions, Defendants required Plaintiff Ruiz to sign a document, the contents of which he was not allowed to review in detail.

50.    Defendants did post notices and notifications regarding overtime and wages under the FLSA and NYLL, but they were promptly taken down by Defendant Richard J An.

51.    Defendants did not provide Plaintiff Ruiz an accurate statement of wages, as required by NYLL 195(3).

52.    Defendants did not give any notice to Plaintiff Ruiz, in English and in Spanish (Plaintiff Ruiz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53.    Defendants required Plaintiff Ruiz to purchase "tools of the trade" with his own funds—including two cellphones.

*Plaintiff Rodolfo Hidalgo Albino (a.k.a. Gordo)*

54.    Plaintiff Hidalgo was employed by Defendants from approximately September 2015 until on or about May 2018.

55.    Defendants employed Plaintiff Hidalgo as an ironer.

56.    Plaintiff Hidalgo regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

57.    Plaintiff Hidalgo's work duties required neither discretion nor independent judgment.

58.    Throughout his employment with Defendants, Plaintiff Hidalgo regularly worked in excess of 40 hours per week.

59.    From approximately September 2015 until on or about May 2018, Plaintiff Hidalgo worked from approximately 7:00 a.m. until on or about 2:30 p.m. to 3:00 p.m., 6 days a week (typically 45 to 48 hours per week).

60.    Throughout his employment, Defendants paid Plaintiff Hidalgo his wages in cash.

61.    From approximately September 2015 until on or about January 2018, Defendants paid Plaintiff Hidalgo a fixed salary of $550 per week.

62.    From approximately February 2018 until on or about May 2018, Defendants paid Plaintiff Hidalgo a fixed salary of $600 per week.

63.     Plaintiff Hidalgo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

64.     For example, Defendants required Plaintiff Hidalgo to work an additional 1 hour to 1 and a half hours past his scheduled departure time two times a month, and did not pay him for the additional time he worked.

65.     Prior to January 2016, Plaintiff Hidalgo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

66.     Defendants required Plaintiff Hidalgo to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

67.     Furthermore, on three occasions, Defendants required Plaintiff Hidalgo to sign a document, the contents of which he was not allowed to review in detail.

68.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hidalgo regarding overtime and wages under the FLSA and NYLL.

69.     Defendants did not provide Plaintiff Hidalgo an accurate statement of wages, as required by NYLL 195(3).

70.     Defendants did not give any notice to Plaintiff Hidalgo, in English and in Spanish (Plaintiff Hidalgo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

71.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week

without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

72.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

73.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

74.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

75.     Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

76.    Furthermore, prior to January 2016, Defendants did not have any time-tracking system available for use to Plaintiffs.

77.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

78.    Defendants required Plaintiffs to sign a document the content of which they were not allowed to review in detail, in order to release their weekly pay.

79.    On at least three occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail.

80.    Defendants paid Plaintiffs their wages in cash.

81.    Defendants failed to post and/or keep posted at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

82.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

83.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

84.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

85.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

86.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the

minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

87.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

88.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

89.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

90.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

91.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire

and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

92.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

93.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

94.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

95.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

96.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

97.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

99.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

100.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

101.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

103.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

104.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

105.     Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

106.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

108.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

109.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

110.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

112.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

115.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

116.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

118.    Plaintiffs were damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

119.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

120.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

121.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(m)      Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
            September 26, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
            Michael Faillace [MF-8436]
            60 East 42nd Street, Suite 4510
            New York, New York 10165
            Telephone: (212) 317-1200
            Facsimile: (212) 317-1620
            *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 18, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:             Wuilzon Zacarias Ruiz Rivera

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              18 de Septiembre

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 21, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Rodolfo Hidalgo Albino

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:          Rodolfo Hidalgo A.

Date / Fecha:               21 de Septiembre, 2018

*Certified as a minority-owned business in the State of New York*