# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510
New York, New York 10165
_____
CTucker@faillacelaw.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

July 06, 2020

**~~BY ECF~~**
Hon. Barbara Moses
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10007

               Re:    WUILZON ZACARIAS RUIZ RIVERA et al. v. POLARIS CLEANERS
                         99, INC., et al.,
                         18-CV-8817 (RA) (BCM)

Your Honor:

     We represent Plaintiffs in the above-referenced action.  The parties have agreed to a settlement ("Agreement").  A copy of the Agreement is attached hereto as Exhibit A.  We respectfully request that the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

     Plaintiffs specifically requests that this Court retain jurisdiction for the purposes of enforcement and that any dismissal with prejudice incorporate specific language that the Court retains jurisdiction over the settlement for purposes of enforcement. "To retain ancillary jurisdiction to enforce a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." Thurston v FlyFit Holdings, LLC, 2020 US Dist LEXIS 98523, at *5 [SDNY June 3, 2020].

## I.  BACKGROUND

     Plaintiffs allege that they were employed as laundry workers at Defendants' laundromat. They allege that they worked overtime on a regular basis, but were paid fixed salaries in cash. Accordingly, Plaintiffs brought this action to recover overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to The Fair Labor Standards Act of 1938, 29 U.S.C. 201 et seq., the New York Minimum Wage Act, N.Y. Lab. Law 650 et seq. and the New York Miscellaneous Industry Wage Order 12 NYCRR 142 et seq. Plaintiff also seeks damages pursuant to NYLL 195(1) and (3) for failure to provide wage notices and statements.  (See generally ECF No. 1.)

     Defendants raised a number of arguments and defenses against liability, including that Plaintiffs signed time sheets which would controvert their claims and establish Plaintiffs were

properly paid.  Defendants also argued that they are unable to pay a more significant judgment and produced financial records to that effect.

## II. SETTLEMENT

In order to avoid the legal and factual risks of protected litigation, the parties have agreed to an early settlement of the FLSA and New York Labor Law claims for the sum of $40,000.00.  The settlement is the result of arm's-length negotiation between counsels in which both sides were represented by sophisticated counsel with extensive experience in wage-and-hour litigation. In light of the contested factual and legal disputes, Plaintiffs believe the settlement is reasonable because of the risk that they may not prevail on all of their claims, the extended period of time before a trial may commence, and the risk of inability to collect a judgment.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (quoting Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)).  "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)).  Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  Wolinsky v Scholastic Inc., 900 F Supp 2d 332, 335 [SDNY 2012] (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The settlement will enable the parties to avoid anticipated burdens and expenses in establishing respective claims and defenses through further litigation and at trial.  Given Defendants' dispute as to the number of hours-worked, persuasive evidence of Plaintiffs' signatures on time and pay sheets, and persuasive evidence of Defendants' precarious financial condition, the likelihood of a timely recovery of a full judgment, plus attorney's fees and costs, is limited.  This settlement is the result of arm's-length negotiation in which both sides were represented by sophisticated counsel with extensive experience in wage-and-hour litigation.  Plaintiffs were represented by counsel throughout this lawsuit and made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of trial.  There is no possibility of fraud or collusion as the Parties settled after extensive negotiations.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

In light of the contested factual and legal disputes, Plaintiffs believe the settlement is reasonable and should be approved.

### III. PLAINTIFFS' ATTORNEYS' FEES ARE FAIR AND REASONABLE.

Under the Settlement Agreement herein, **Exhibit A**, Plaintiff WUILZON ZACARIAS RUIZ RIVE will receive $25,024.78; Plaintiff RODOLFO HIDALGO ALBINO will receive $1,000.00; and Plaintiffs' counsel will receive $13,975.22 ($963.00 costs and $13,012.33 in attorneys' fees). This represents one third of the recovery in this litigation (plus costs). The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.

"Courts in this district typically approve fee requests of one-third of the total settlement amount." Williams v Argenta Inc., 2018 US Dist LEXIS 212914, at *6 [SDNY Aug. 10, 2018] (citing Thornhill v. CVS Pharmacy, Inc., No. 13 Civ. 5507, 2014 U.S. Dist. LEXIS 37007, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 14, 2014) (collecting cases); see also Himrod v Cygnus Med., LLC, 2020 US Dist LEXIS 502, at *7 [SDNY Jan. 2, 2020] (citing Meza v. 317 Amsterdam Corp., No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)); See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants., No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted); See Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"); Alvarez v Sterling Portfolio Inv. L.P., 2017 US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]) (one-third attorney fee is typical with no requirement for a lodestar cross check); See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants., No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted).

Plaintiffs' attorneys' lodestar amount totals $19,441.50 (costs of $963.00 and fees of $18,478.50). Plaintiffs' attorneys' billing records are annexed as Exhibit B. We also respectfully note that the settlement requires a payment plan of eleven (11) installments. Our office will need to expend additional time and resources on this case including depositing checks, meeting clients and providing their checks, ensuring they sign necessary paperwork to receive checks, and potentially follow up with Defendants to send timely payment or to enforce the settlement.

The amount provided by Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in this Circuit. See Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting Hyun v. Ippudo USA Holdings et al., No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS

39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable.  Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations.  A brief biography of each attorney who performed billed work in this matter is as follows:

       i.     Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C., and has been in practice since 1983.  His work is billed at $450 per hour.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.  See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

       ii.     Clifford Tucker is an associate at Michael Faillace & Associates P.C. and is requesting an hourly rate of $350.00.  Attorney Clifford Tucker developed a background in representing plaintiffs in personal injury and civil rights actions as an associate at: The Law Office of Richard Kenny, Bryan D. Fisher, LLC ("Fisher Injury Lawyers"), and Burns & Harris. He has managed a case load of over 100 actions from intake to verdict.  He was selected to the Super Lawyers 2016 New York Metro Rising Stars list. He has taught Continuing Legal Education classes on case preparation, investigation, and discovery and assisted in teaching courses on obtaining settlement offers in personal injury actions, representing plaintiffs in motor vehicle cases, and selecting a jury in personal injury cases. He has also lectured to Veterans at the James J Peters VA Medical Center and at the Task Force of Social Workers of African Descent. Attorney Clifford Tucker graduated cum laude and with honors from Brooklyn Law School in 2013, where he was a member of the Moto Court Honor Society, Trial Division, and received the following awards: Richardson Scholarship, Academic Achievement Scholarship, Centennial Grant, Ellen Taubenblatt Harmon and Mark A. Harmon Award for Integrity and Ethics.  He licensed to practice in the Southern and Eastern District of New York, the Second Circuit Court of Appeals, and in New York and New Jersey State Courts.  The hourly rate compares favorably with rates that courts have approved for associates of comparable experience levels. See, e.g., Manley, supra, Doc. No. 42, at *33, 37.

iii.    Paralegals at Michael Faillace & Associates, P.C. are billed at a rate of $100 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *37; Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015)

## **CONCLUSION**

In full consideration of the issues presented in both Cheeks and Wolinsky, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved and the case dismissed with prejudice. A stipulation of Final Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

We thank the Court for the time and attention devoted to this matter.

Respectfully submitted,

By: _____ */s/ Michael Faillace* _____
        Michael Faillace, Esq.